UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

DERICK TOUSSANT                                       CIVIL ACTION

VERSUS                                                NO. 15-5479

WAL-MART ASSOCIATES, INC.                             SECTION "C"(5)

### Order and Reasons

Before the Court are the memorandum of counsel directed at the issue of whether the jurisdictional minimum existed at the time of removal. *See* Rec. Docs. 7 & 8. Because the Court concludes that the jurisdictional minimum amount in controversy did not exist at the time of removal, the Court now REMANDS the instant matter to state court for lack of subject matter jurisdiction.

### I. Background

On August 17, 2015, plaintiff Derick Toussant filed a petition for damages in the Civil District Court for the Parish of Orleans against his former employer and defendant, Wal-Mart Associates, Inc.. *See* Rec. Doc. 1-2. Plaintiff alleges that, following an on-the-job injury, he was wrongfully terminated. *See id.* at 1–2. Plaintiff seeks relief under Louisiana law. *See id.* at 3.

On October 26, 2015, defendant removed plaintiff's action to the Court. *See* Rec. Doc. 1. Defendant's stated ground for removal is that the Court has diversity jurisdiction, because there is over $75,000 in controversy and the parties are diverse. *See id.* On November 3, 2015, the Court ordered the parties to brief whether the jurisdictional minimum amount in controversy existed at the time of removal. *See* Rec. Doc. 5. Both plaintiff and defendant subsequently submitted briefs. *See* Rec. Docs. 7 & 8.

## II. Standard of Review

District courts have subject matter jurisdiction over civil actions where the amount in controversy exceeds $75,000 and there is diversity between all parties. *See* 28 U.S.C. § 1332. Parties cannot consent to subject matter jurisdiction and the Court may sua sponte ensure that subject matter jurisdiction exists. *See Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848, 850 (5th Cir. 1999).[1] Where, like here, the face of a plaintiff's complaint does not allege the specific amount of damages, the party invoking jurisdiction must prove the amount in controversy exceeds $75,000 by a preponderance of the evidence. *See St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998); *see also* Rec. Doc. 1-2. The party invoking jurisdiction meets that burden by presenting "summary judgment type evidence." *See Manguno v. Prudential Property and Cas. Ins. Co.*, 276 F.3d 720 (5th Cir. 2002); *see also Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999).

## III. Discussion

The parties apparently agree that at least roughly $20,000—one year's salary for plaintiff—is actually in controversy. *See* Rec. Docs. 7 at 2 & 8 at 2. Though not plaintiff's burden to bear, plaintiff persuasively addresses the unlikelihood that damages will exceed $75,000 in this case. *See* Rec. Doc. 7 at 2. Defendant, on the other hand, presents only the vaguest argument that damages "could potentially exceed $75,000," because of plaintiff's abuse of rights claim. Rec. Doc. 8 at 2. Defendant provides no factual basis for the argument and cites only one, remarkably distinguishable case. *See id.*; *see also Huey v. Super Fersh/Save-a-Center Inc.*, Civ. A. No. 07-1169, 2009 WL 3834218, 2009 WL 3834275 (E.D.La. Nov. 11, 2009). The

---

[1] Without clearly stating it as an argument, defendant apparently suggests that it is somehow significant that plaintiff did not move for remand within thirty days of defendant removing the action. *See* Rec. Doc. 8 at 2. Setting aside that a court may (as the Court has here) question its own subject matter jurisdiction sua sponte, the Court is aware of no legal requirement that a party seeking remand for lack of subject matter jurisdiction move to remand within thirty days. *See* 28 U.S.C. § 1447(b) ("A motion to remand the case on the basis of any defect *other than lack of subject matter jurisdiction* must be made within 30 days after the filing of the notice of removal . . .").

Court concludes that defendant has not met its burden to establish by a preponderance of the evidence that the amount in controversy in this case exceeds $75,000.

Accordingly,

IT IS HEREBY BY ORDERED that the above-captioned matter, Case Number 15-5479, is REMANDED to the Civil District Court for the Parish of Orleans.

New Orleans, Louisiana, this 11th day of December, 2015.

                                        **HELEN G. BERRIGAN**
                                        **UNITED STATES DISTRICT JUDGE**